IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GILEAD SCIENCES, INC.,              )
GILEAD CALISTOGA, LLC,              )
ELI LILLY AND COMPANY, AND          )
ICOS CORPORATION,                   )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )   C.A. No. _____
                                    )
NATCO PHARMA LIMITED,               )
                                    )
                Defendant.          )

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Gilead Sciences, Inc. and Gilead Calistoga, LLC (hereafter collectively, "Gilead"), and Eli Lilly and Company and ICOS Corporation (hereafter collectively, "Eli Lilly") (hereafter all collectively, "Plaintiffs") by the undersigned attorneys, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendant Natco Pharma Limited (hereafter "Natco"). This action arises out of Natco's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA").

2. Natco seeks approval to market a generic copy of Gilead's Zydelig® drug product prior to the expiration of U.S. Patent Nos. RE44,599 (the "'599 patent"), RE44,638 (the "'638 patent"), 8,865,730 (the "'730 patent"), 9,469,643 (the "'643 patent"), and 10,730,879 ("'879 patent") (collectively, the "Patents-In-Suit"). Plaintiffs attach hereto a true and accurate copy of each of the Patents-In-Suit as Exhibits A-E.

**PARTIES**

*Plaintiff Gilead*

3.      Plaintiff Gilead Sciences, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.  Gilead Sciences, Inc. is the owner of all right, title and interest in and to the '730, '643, and '879 patents.

4.      Plaintiff Gilead Calistoga, LLC is a company organized and existing under the laws of the state of Delaware, having its headquarters and principal place of business at 1209 Orange Street, Wilmington, DE 19801.  Prior to acquisition by Gilead Sciences, Inc., Gilead Calistoga, LLC was a privately held pharmaceutical company called Calistoga Pharmaceuticals, Inc. Currently, Gilead Calistoga, LLC operates as a wholly-owned subsidiary of Gilead Sciences, Inc.

5.      Gilead is a research-based pharmaceutical company that discovers, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for human immunodeficiency virus ("HIV"), coronavirus ("COVID-19"), hepatitis B virus ("HBV"), and cancer.  Gilead is the exclusive licensee of the '599 and '638 patents.

*Plaintiff Eli Lilly*

6.      Plaintiff Eli Lilly and Company is a company organized and existing under the laws of the State of Indiana, having its headquarters and principal place of business at 893 S Delaware St Indianapolis, IN 46225.

7.      Plaintiff ICOS Corporation is a corporation organized and existing under the laws of the state of Washington, having its principal place of business at Lilly Corporate Center, Indianapolis, IN 46285.  ICOS Corporation is a biotechnology company and it was acquired by Eli Lilly and Company in 2007.  Since then, ICOS Corporation has operated as a subsidiary of Eli

Lilly and Company.  ICOS Corporation is the owner of all right, title and interest in and to the '599 and '638 patents.

8.    Eli Lilly is an innovator pharmaceutical company that discovers, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including diabetes products, oncology products, immunology products and neuroscience products.

### *Defendant Natco*

9.    On information and belief, Natco is a foreign corporation organized and existing under the laws of India, having its principal place of business at Natco House Road No.2, Banjara Hills Hyderabad-500 034, India.  On information and belief, Natco is in the business of, among other things, manufacturing generic copies of branded pharmaceutical products for the U.S. market and/or manufacturing active pharmaceutical ingredients ("API") for generic copies of branded pharmaceutical products for the United States market.

10.    On information and belief, Natco prepared and filed ANDA No. 216921 ("Natco's ZYDELIG ANDA") seeking approval to manufacture, import, market, offer to sell, and/or sell a generic copy of Gilead's Zydelig® product ("Natco's ZYDELIG ANDA Product") in the United States, including in this District, if the FDA approves Natco's ZYDELIG ANDA.  On information and belief, Natco is the holder of the Natco ZYDELIG ANDA.  On information and belief, Natco intends to commercially manufacture, market, distribute, offer to sell, and/or sell Natco's ZYDELIG ANDA Product, in the event that the FDA approves the Natco ZYDELIG ANDA.

### JURISDICTION AND VENUE

11.    This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et seq., including §§ 271(e)(2), 271(a), 271(b), and 271(c).  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3

12. The Court also has jurisdiction to adjudicate this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and justiciable controversy exists between Plaintiffs and Natco of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the Patents-In-Suit.

13. On information and belief, this Court has personal jurisdiction over Natco by virtue of, *inter alia*, its systematic and continuous contacts with this jurisdiction. On information and belief, either directly or through its subsidiaries, agents, and/or affiliates, Natco regularly and continuously transacts business within Delaware, including by manufacturing, selling, offering for sale, marketing, distributing, and/or importing generic versions of pharmaceutical products in and/or into the United States, including Delaware. Specifically, on information and belief, this Court has personal jurisdiction over Natco because, *inter alia*, it: (1) intends to market, sell or distribute Natco's ZYDELIG ANDA Product to residents of Delaware; (2) has continuous and systemic contacts with the State of Delaware and regularly conducts business in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos; (3) makes its generic pharmaceutical products available in Delaware; (4) maintains a broad distributorship network within Delaware; and, (5) enjoys substantial income from sales of its generic pharmaceutical products in Delaware.

14. On information and belief, Natco has been and is engaging in activities directed toward infringement of the Patents-In-Suit by, among other things, preparing and submitting Natco's ZYDELIG ANDA and seeking FDA approval to market Natco's ZYDELIG ANDA Product throughout the United States, including in Delaware, before expiration of the Patents-In-Suit.

15.    On information and belief, either directly or through its subsidiaries, agents, and/or affiliates, Natco has received more than 46 FDA approvals to market and sell pharmaceutical products throughout the United States, including in Delaware.  On information and belief, Natco derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

16.    On information and belief, Natco markets and distributes its pharmaceutical products through subsidiaries, agents, and/or affiliates in the state of Delaware such that it has availed itself of the rights, privileges and protection of the laws of Delaware.

17.    This Court also has personal jurisdiction because Natco has filed an ANDA for a generic copy of Gilead's Zydelig® product, seeking approval from the FDA to market and sell Natco's ZYDELIG ANDA Product throughout the United States, including in Delaware.  On information and belief, Natco intends to commercially manufacture, use, and sell Natco's ZYDELIG ANDA Product upon receiving FDA approval.  On information and belief, if and when the FDA approves Natco's ZYDELIG ANDA, Natco's ZYDELIG ANDA Product would, among other things, be marketed, distributed, and sold in Delaware, and/or prescribed by physicians practicing, and dispensed by pharmacies located within, Delaware, all of which would have a substantial effect on Delaware.  By filing its ANDA, Natco has made clear that it intends to use its distribution channels to direct sales of Natco's ZYDELIG ANDA Product into Delaware.

18.    Further, this Court has personal jurisdiction over Natco because it has previously been sued in this district and has not challenged personal jurisdiction, and Natco has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this district. *See, e.g., Acerta Pharma B.V. et al. v. Natco Pharma Limited et al.*, Case No. 1:22-cv-00155-RGA (D. Del., Feb. 2, 2022); *Pfizer Inc. et al. v. Natco Pharma, Inc. et al.*, Case No. 1:21-cv-01466-CFC (D. Del.,

5

Oct. 19, 2021); *Pfizer Inc. et al. v. Natco Pharma, Inc. et al.*, Case No. 1:21-cv-01179-CFC (D. Del., Aug 16, 2021); *Pfizer Inc. et al. v. Natco Pharma, Inc. et al.*, Case No. 1:21-cv-00078-CFC (D. Del., Jan. 26, 2021); *Pharmacyclics LLC et al. v. Alvogen Pine Brook*, LLC et al, Case No. 1:20-cv-00403-CFC (D. Del., Mar. 20, 2020); *Gilead Sciences, Inc. v. Apotex, Inc. et al.*, Case No. 1:20-cv-00189-MN (D. Del., Feb. 7, 2020).

19.    Alternatively, this Court may exercise personal jurisdiction over Natco pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Natco is a foreign company not subject to personal jurisdiction in the courts of any state; and, (c) Natco has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Natco satisfies due process.

20.    Venue is proper in this Court for Natco under 28 U.S.C. §§ 1391(c)(3) because Natco is a foreign corporation and may be sued in any judicial district in the United States in which it is subject to the court's personal jurisdiction, including in this District.

## PATENTS-IN-SUIT

21.    On November 12, 2013, the U.S. Patent and Trademark Office duly and legally reissued U.S. Patent No. RE44,599 (the "'599 patent"), titled "Quinazolinones As Inhibitors of Phosphatidylinositol 3-Kinase Delta." A true and correct copy of the '599 patent is attached hereto as Exhibit A. The claims of the '599 patent are valid, enforceable, and not expired. The '599 patent is assigned to ICOS Corporation c/o Eli Lilly and Company. Gilead is the exclusive licensee of the '599 patent.

22.    On December 10, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. RE44,638 (the "'638 patent"), titled "Quinazolinones As Inhibitors of

6

Human Phosphatidylinositol 3-Kinase Delta." A true and correct copy of the '638 patent is attached hereto as Exhibit B. The claims of the '638 patent are valid, enforceable, and not expired. The '638 patent is assigned to ICOS Corporation c/o Eli Lilly and Company. Gilead is the exclusive licensee of the '638 patent.

23.     On October 21, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,865,730 (the "'730 patent"), titled "Polymorphic Forms of (S)-2-(1-(9H-purin-6-ylamino)propyl)-5-fluoro-3-phenylquinazolin-4(3H)-one." A true and correct copy of the '730 patent is attached hereto as Exhibit C. The claims of the '730 patent are valid, enforceable, and not expired. The '730 patent is assigned to Gilead Calistoga, LLC.

24.     On October 18, 2016, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,469,643 (the "'643 patent"), titled "Polymorphic Forms of (S)-2-(1-(9H-purin-6-ylamino)propyl)-5-fluoro-3-phenylquinazolin-4(3H)-one." A true and correct copy of the '643 patent is attached hereto as Exhibit D. The claims of the '643 patent are valid, enforceable, and not expired. The '643 patent is assigned to Gilead Calistoga, LLC.

25.     On August 4, 2020, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,730,879 (the "'879 patent"), titled "Polymorphic Forms of (S)-2-(1-(9H-purin-6-ylamino)propyl)-5-fluoro-3-phenylquinazolin-4(3H)-one." A true and correct copy of the '879 patent is attached hereto as Exhibit E. The claims of the '879 patent are valid, enforceable, and not expired. The '879 patent is assigned to Gilead Calistoga, LLC.

## ACTS GIVING RISE TO THIS ACTION

### *Zydelig*®

26.     Gilead holds approved NDA No. 205858 for tablets containing 100 or 150 mg of idelalisib for the treatment of relapsed chronic lymphocytic leukemia (CLL).

7

27.    Gilead markets the tablets approved under NDA No. 205858 in the United States under the registered trademark Zydelig®.  The FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") identifies all the Patents-In-Suit, among other patents, for Zydelig®.

28.    At least one claim of each of the Patents-In-Suit covers Zydelig®, approved methods of using Zydelig®, or a method of making idelalisib.

29.    Natco filed an ANDA listing Zydelig® as the reference listed drug ("RLD").

### Natco's Acts Regarding Zydelig®

30.    On information and belief, Natco submitted to the FDA Natco's Zydelig® ANDA under Section 505(j) of the FDCA, seeking the FDA's approval to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of Natco's ZYDELIG ANDA Product before the expiration of all five Patents-In-Suit.  On information and belief, the FDA assigned Natco's ANDA number 216921.

31.    On information and belief, Natco sent a letter dated May 9, 2022 to Gilead ("Natco's ZYDELIG Notice Letter"), purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B).  Natco's ZYDELIG Notice Letter states that Natco's ZYDELIG ANDA includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to all five Patents-In-Suit.

32.    Gilead received Natco's ZYDELIG Notice Letter on or about May 11, 2022.

33.    Natco's ZYDELIG Notice Letter does not contest infringement of the '599 and '638 patents.

34.    Natco's ZYDELIG Notice Letter included an Offer for Confidential Access ("OCA") to Natco's ZYDELIG ANDA on terms and conditions set forth therein.  The OCA requested that Gilead accept the terms of the OCA before receiving access to Natco's ZYDELIG

8

ANDA.  Gilead agreed to the OCA and requested Natco's ZYDELIG ANDA.  Natco furnished the ANDA but did not provide samples of Natco's ZYDELIG ANDA Product.

35.     Under the Hatch-Waxman Act, a patent owner must file an action in federal court within 45 days of receiving a Paragraph IV notice letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for up to 30 months during the pendency of litigation, as appropriate, pursuant to 21 U.S.C. § 355(c)(3)(C).

36.     Gilead is not aware of any other means of obtaining additional information regarding Natco's ZYDELIG ANDA Product.  In the absence of such additional information, Gilead resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief, and to present to the Court evidence, that Natco has infringed and will infringe the Patents-In-Suit.

37.     This action is being commenced before the expiration of 45 days from the date Gilead received Natco's ZYDELIG Notice Letter, which triggers a stay of FDA approval of Natco's ZYDELIG ANDA pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

38.     By filing its ZYDELIG ANDA, Natco has necessarily represented to the FDA that its ZYDELIG ANDA Product has the same active ingredient as Zydelig®; has the same dosage form and strengths as Zydelig®; and is bioequivalent to Zydelig®.

39.     On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, some idelalisib in the form of the polymorph Form I ("Form I") and some idelalisib in the form of the polymorph Form II ("Form II").

40.     On information and belief, Natco is seeking approval to market its ZYDELIG ANDA Product for the same approved indication as Zydelig®.

41. On information and belief, Natco's proposed label for its ZYDELIG ANDA Product ("Natco's Proposed ZYDELIG Label") will refer to the product as, *inter alia*, tablets containing 100 or 150 mg of idelalisib.

42. On information and belief, Natco's Proposed ZYDELIG Label will instruct physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product for the treatment of relapsed chronic lymphocytic leukemia (CLL).

43. On information and belief, Natco's Proposed ZYDELIG Label will contain data relating to the treatment of patients with relapsed chronic lymphocytic leukemia (CLL) obtained from clinical studies involving Zydelig®.

## COUNTS I-X FOR PATENT INFRINGEMENT

### Count I: Infringement of the '599 Patent under
### 35 U.S.C. § 271(e)(2) by Natco's ZYDELIG ANDA Product

44. Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.

45. Pursuant to 35 U.S.C. § 271(e)(2)(A), Natco has committed an act of infringement of the '599 patent by submitting Natco's ZYDELIG ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product in or into the United States prior to the expiration of the '599 patent.

46. Natco's commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product prior to the expiration of the '599 patent, and its inducement of, and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '599 patent either literally or under the doctrine of equivalents, including, but not limited to, claim 1.

47. Natco's ZYDELIG Notice Letter does not dispute that Natco infringes claim 1, among other claims, of the '599 patent.

48.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

49.    Unless and until Natco is enjoined from infringing the '599 patent, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**Count II: Declaratory Judgment of Infringement of the '599 Patent
under 35 U.S.C. §§ 271(b) and/or (c) by Natco's ZYDELIG ANDA Product**

50.    Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.

51.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

53.    Natco has submitted an ANDA for a generic version of Gilead's Zydelig® drug product.  According to Natco's ZYDELIG Notice Letter, Natco intends to manufacture, use, offer for sale, sell, and/or import Natco's ZYDELIG ANDA Product in or into the United States.

54.    While the FDA has not yet approved Natco's ZYDELIG ANDA, Natco has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Natco's ZYDELIG ANDA Product.

55.    Natco's actions indicate that it does not intend to change its course of conduct.

56.    On information and belief, upon FDA approval of Natco's ZYDELIG ANDA, Natco will infringe one or more claims of the '599 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or by importing said product into the United States, and/or by actively inducing and contributing to infringement of the '599 patent by

others, under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court. Natco's ZYDELIG Notice Letter does not dispute that Natco infringes claim 1, among other claims, of the '599 patent.

57.    Natco has actual knowledge of the '599 patent.

58.    On information and belief, Natco became aware of the '599 patent no later than the filing date of Natco's ZYDELIG ANDA.

59.    On information and belief, Natco's efforts to make, use, sell, offer for sale, and/or import Natco's ZYDELIG ANDA Product have been made and will be made with full knowledge of the '599 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '599 patent. On information and belief, this knowledge is reflected through, among other things, Natco's ZYDELIG Notice Letter, which does not contest infringement of at least claim 1 of the '599 patent.

60.    On information and belief, Natco's ZYDELIG ANDA Product, if FDA approved, will be commercially manufactured, imported, used, offered for sale, and/or sold by Natco in or into the United States by Natco or on its behalf.

61.    On information and belief, Natco's Proposed ZYDELIG Label will include directions and instructions that instruct physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL) in accordance with the methods described and claimed in the '599 patent.

62.    On information and belief, physicians and healthcare providers will administer Natco's ZYDELIG ANDA Product in the United States according to the directions and instructions in Natco's Proposed ZYDELIG Label, and such administration will constitute direct infringement of at least one claim of the '599 patent.

63.    On information and belief, at least through its Proposed ZYDELIG Label, Natco will encourage physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat patients with relapsed chronic lymphocytic leukemia (CLL) in accordance with the methods described and claimed in the '599 patent, and Natco will know or should know that such conduct will occur.

64.    On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '599 patent.

65.    Through at least the foregoing actions, Natco will actively induce the infringement of at least one claim of the '599 patent under 35 U.S.C. § 271(b).

66.    On information and belief, Natco knows or should know that Natco's ZYDELIG ANDA Product will be especially made or adapted for use in infringing the '599 patent and that Natco's ZYDELIG ANDA Product is not suitable for substantial non-infringing use.

67.    The commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ZYDELIG ANDA Product will contribute to the actual infringement of the '599 patent.

68.    On information and belief, Natco knows or should know that its offer for sale, sale, and/or importation of its ZYDELIG ANDA Product will contribute to the actual infringement of the '599 patent.

69.    Through at least the foregoing actions, Natco will contribute to the infringement of at least one claim of the '599 patent under 35 U.S.C. § 271(c).

70.    Plaintiffs are entitled to a declaratory judgment that manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product by Natco prior to the expiration of

the '599 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '599 patent.

71.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

72.    Unless and until Natco is enjoined from infringing the '599 patent, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

### Count III: Infringement of the '638 Patent under 35 U.S.C. § 271(e)(2) by Natco's ZYDELIG ANDA Product

73.    Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.

74.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Natco has committed an act of infringement of the '638 patent by submitting Natco's ZYDELIG ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product in the United States prior to the expiration of the '638 patent.

75.    Natco's commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product prior to the expiration of the '638 patent, and its inducement of, and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '638 patent either literally or under the doctrine of equivalents, including, but not limited to, claim 1.

76.    Natco's ZYDELIG Notice Letter does not dispute that Natco infringes claim 1, among other claims, of the '638 patent.

77.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

14

78.    Unless and until Natco is enjoined from infringing the '638 patent, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**Count IV: Declaratory Judgment of Infringement of the '638 Patent
under 35 U.S.C. §§ 271(a)-(c) by Natco's ZYDELIG ANDA Product**

79.    Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.

80.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

81.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

82.    Natco has submitted an ANDA for a generic version of Gilead's Zydelig® drug product.  According to Natco's ZYDELIG Notice Letter, Natco intends to manufacture, use, offer for sale, sell, and/or import Natco's ZYDELIG ANDA Product in or into the United States.

83.    While the FDA has not yet approved Natco's ZYDELIG ANDA, Natco has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Natco's ZYDELIG ANDA Product.

84.    Natco's actions indicate that it does not intend to change its course of conduct.

85.    On information and belief, upon FDA approval of Natco's ZYDELIG ANDA, Natco will infringe one or more claims of the '638 patent, either literally or under the doctrine of equivalents, including, but not limited to, claim 1, by making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or by importing said product into the United States, and/or by actively inducing and contributing to infringement of the '638 patent by others, under 35 U.S.C. §§ 271(a), (b), and/or (c), unless enjoined by the Court.  Natco's ZYDELIG Letter does not dispute that Natco infringes claim 1, among other claims, of the '638 patent.

86.    On information and belief, Natco's ZYDELIG ANDA Product will contain idelalisib.  Natco's making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or importing said product into the United States will directly infringe one or more claims of the '638 under 35 U.S.C. § 271(a).

87.    Natco has actual knowledge of the '638 patent.

88.    On information and belief, Natco became aware of the '638 patent no later than the filing date of Natco's ZYDELIG ANDA.

89.    On information and belief, Natco's efforts to make, use, sell, offer for sale, and/or import Natco's ZYDELIG ANDA Product have been made and will be made with full knowledge of the '638 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '638 patent.  On information and belief, this knowledge is reflected through, among other things, Natco's ZYDELIG Notice Letter, which does not contest infringement of at least claim 1 of the '638 patent.

90.    On information and belief, Natco's ZYDELIG ANDA Product, if FDA approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by Natco in the United States by Natco or on its behalf.

91.    On information and belief, Natco's Proposed ZYDELIG Label will include directions and instructions that instruct physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL).

92.    On information and belief, physicians and healthcare providers will administer Natco's ZYDELIG ANDA Product in the United States according to the directions and instructions in Natco's Proposed ZYDELIG Label, and such administration will constitute direct infringement of at least one claim of the '638 patent.

93.     On information and belief, at least through its Proposed ZYDELIG Label, Natco will encourage physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL), and Natco will know or should know that such conduct will occur.

94.     On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '638 patent.

95.     Through at least the foregoing actions, Natco will actively induce the infringement of at least one claim of the '638 patent under 35 U.S.C. § 271(b).

96.     On information and belief, Natco knows or should know that Natco's ZYDELIG ANDA Product will be especially made or adapted for use in infringing the '638 patent and that Natco's ZYDELIG ANDA Product is not suitable for substantial non-infringing use.

97.     The commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ZYDELIG ANDA Product will contribute to the actual infringement of the '638 patent.

98.     On information and belief, Natco knows or should know that its offer for sale, sale, and/or importation of its ZYDELIG ANDA Product will contribute to the actual infringement of the '638 patent.

99.     Through at least the foregoing actions, Natco will contribute to the infringement of at least one claim of the '638 patent under 35 U.S.C. § 271(c).

100.    Plaintiffs are entitled to a declaratory judgment that manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product by Natco prior to the expiration of the '638 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '638 patent.

17

101.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

102.    Unless and until Natco is enjoined from infringing the '638 patent, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**Count V: Infringement of the '730 Patent under**
**35 U.S.C. § 271(e)(2) by Natco's ZYDELIG ANDA Product**

103.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

104.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Natco has committed an act of infringement of the '730 patent by submitting Natco's ZYDELIG ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product in or into the United States prior to the expiration of the '730 patent.

105.    On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, some Form I of idelalisib.

106.    Natco's commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product prior to the expiration of the '730 patent would constitute infringement of at least one of the claims of the '730 patent either literally or under the doctrine of equivalents, including but not limited to claim 1.

107.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

108.    Unless and until Natco is enjoined from infringing the '730 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count VI: Declaratory Judgment of Infringement of the '730 Patent
under 35 U.S.C. §§ 271(a)-(c) by Natco's ZYDELIG ANDA Product**

109.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

110.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

111.    There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

112.    Natco has submitted an ANDA for a generic version of Gilead's Zydelig® drug product.  According to Natco's ZYDELIG Notice Letter, Natco intends to manufacture, use, offer for sale, sell, and/or import Natco's ZYDELIG ANDA Product within the United States.

113.    While the FDA has not yet approved Natco's ZYDELIG ANDA, Natco has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Natco's ZYDELIG ANDA Product.

114.    Natco's actions indicate that it does not intend to change its course of conduct.

115.    On information and belief, upon FDA approval of Natco's ZYDELIG ANDA, Natco will infringe one or more claims of the '730 patent, either literally or under the doctrine of equivalents, including, but not limited to, claim 1, by making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or by importing said product into the United States, and/or by actively inducing and contributing to infringement of the '730 patent by others, under 35 U.S.C. §§ 271(a), (b), and/or (c), unless enjoined by the Court.

116.    On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, idelalisib as recited in at least claim 1 of the '730 patent.  Natco's making, using, offering to sell, and/or selling Natco's ZYDELIG

19

ANDA Product in the United States, and/or importing said product into the United States will directly infringe one or more claims of the '730 patent under 35 U.S.C. § 271(a).

117. Natco has actual knowledge of the '730 patent.

118. On information and belief, Natco became aware of the '730 patent no later than the filing date on Natco's ZYDELIG ANDA.

119. On information and belief, Natco's efforts to make, use, sell, offer for sale, and/or import Natco's ZYDELIG ANDA Product have been made and will be made with full knowledge of the '730 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '730 patent. In particular, Natco intends, knows, and/or has reason to believe, and/or will intend, know and/or have reason to believe that Natco's ZYDELIG ANDA Product will contain or eventually contain some Form I of idelalisib.

120. On information and belief, Natco's ZYDELIG ANDA Product, if FDA approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by Natco in the United States by Natco or on its behalf.

121. On information and belief, Natco's Proposed ZYDELIG Label will include directions and instructions that instruct physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL) in accordance with the methods described and claimed in the '730 patent.

122. On information and belief, physicians and healthcare providers will administer Natco's ZYDELIG ANDA Product in the United States according to the directions and instructions in Natco's Proposed ZYDELIG Label, and such administration will constitute direct infringement of at least one claim of the '730 patent.

123.    On information and belief, at least through its Proposed ZYDELIG Label, Natco will encourage physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL) in accordance with the methods described and claimed in the '730 patent, and Natco will know or should know that such conduct will occur.

124.    On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '730 patent.

125.    Through at least the foregoing actions, Natco will actively induce the infringement of at least one claim of the '730 patent under 35 U.S.C. § 271(b).

126.    On information and belief, Natco knows or should know that Natco's ZYDELIG ANDA Product will be especially made or adapted for use in infringing the '730 patent and that Natco's ZYDELIG ANDA Product is not suitable for substantial non-infringing use.

127.    The commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ZYDELIG ANDA Product will contribute to the actual infringement of the '730 patent.

128.    On information and belief, Natco knows or should know that its offer for sale, sale, and/or importation of its ZYDELIG ANDA Product will contribute to the actual infringement of the '730 patent.

129.    Through at least the foregoing actions, Natco will contribute to the infringement of at least one claim of the '730 patent under 35 U.S.C. § 271(c).

130.    Gilead is entitled to a declaratory judgment that manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product by Natco prior to the expiration of

21

the '730 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '730 patent.

131.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

132.    Unless and until Natco is enjoined from infringing the '730 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

### Count VII: Infringement of the '643 Patent under
### 35 U.S.C. § 271(e)(2) by Natco's ZYDELIG ANDA Product

133.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

134.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Natco has committed an act of infringement of the '643 patent by submitting Natco's ZYDELIG ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product in or into the United States prior to the expiration of the '643 patent.

135.    On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, some Form II of idelalisib.

136.    Natco's commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product prior to the expiration of the '643 patent, and its inducement of, and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '643 patent either literally or under the doctrine of equivalents, including, but not limited to, claim 1.

137.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

22

138.   Unless and until Natco is enjoined from infringing the '643 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count VIII: Declaratory Judgment of Infringement of the '643 Patent under 35 U.S.C. §§ 271(a)-(c) by Natco's ZYDELIG ANDA Product**

139.   Gilead realleges the foregoing paragraphs as if fully set forth herein.

140.   This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

141.   There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

142.   Natco has submitted an ANDA for a generic version of Gilead's Zydelig® drug product.  According to Natco's ZYDELIG Notice Letter, Natco intends to manufacture, use, offer for sale, sell, and/or import Natco's ZYDELIG ANDA Product in or into the United States.

143.   While the FDA has not yet approved Natco's ZYDELIG ANDA, Natco has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Natco's ZYDELIG ANDA Product.

144.   Natco's actions indicate that it does not intend to change its course of conduct.

145.   On information and belief, upon FDA approval of Natco's ZYDELIG ANDA, Natco will infringe one or more claims of the '643 patent, either literally or under the doctrine of equivalents, including, but not limited to, claim 1, by making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or by importing said product into the United States, and/or by actively inducing and contributing to infringement of the '643 patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court.

146.   On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, idelalisib as recited in at least claim

23

1 of the '643 patent.  Natco's making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States and/or importing said product into the United States will directly infringe one or more claims of the '643 patent under 35 U.S.C. § 271(a).

147.    Natco has actual knowledge of the '643 patent.

148.    On information and belief, Natco became aware of the '643 patent no later than the filing date of Natco's ZYDELIG ANDA.

149.    On information and belief, Natco's efforts to make, use, sell, offer for sale, and/or import Natco's ZYDELIG ANDA Product have been made and will be made with full knowledge of the '643 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '643 patent.  In particular, Natco intends, knows, and/or has reason to believe, and/or will intend, know, and/or have reason to believe that Natco's ZYDELIG ANDA Product will contain or eventually contain some Form II of idelalisib.

150.    On information and belief, Natco's ZYDELIG ANDA Product, if FDA approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by Natco in the United States by Natco or on its behalf.

151.    On information and belief, Natco's Proposed ZYDELIG Label will include directions and instructions that instruct physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL).

152.    On information and belief, physicians and healthcare providers will administer Natco's ZYDELIG ANDA Product in the United States according to the directions and instructions in Natco's Proposed ZYDELIG Label, and such administration will constitute direct infringement of at least one claim of the '643 patent.

153. On information and belief, at least through its Proposed ZYDELIG Label, Natco will encourage physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL), and Natco will know or should know that such conduct will occur.

154. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '643 patent.

155. Through at least the foregoing actions, Natco will actively induce the infringement of at least one claim of the '643 patent under 35 U.S.C. § 271(b).

156. On information and belief, Natco knows or should know that Natco's ZYDELIG ANDA Product will be especially made or adapted for use in infringing the '643 patent and that Natco's ZYDELIG ANDA Product is not suitable for substantial non-infringing use.

157. The commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ZYDELIG ANDA Product will contribute to the actual infringement of the '643 patent.

158. On information and belief, Natco knows or should know that its offer for sale, sale, and/or importation of its ZYDELIG ANDA Product will contribute to the actual infringement of the '643 patent.

159. Through at least the foregoing actions, Natco will contribute to the infringement of at least one claim of the '643 patent under 35 U.S.C. § 271(c).

160. Gilead is entitled to a declaratory judgment that manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product by Natco prior to the expiration of the '643 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '643 patent.

161.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

162.    Unless and until Natco is enjoined from infringing the '643 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

## Count IX: Infringement of the '879 Patent under 35 U.S.C. § 271(e)(2) by Natco's ZYDELIG ANDA Product

163.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

164.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Natco has committed an act of infringement of the '879 patent by submitting Natco's ZYDELIG ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product in or into the United States prior to the expiration of the '879 patent.

165.    On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, some Form I and some Form II of idelalisib.

166.    Natco's commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product prior to the expiration of the '879 patent, and its inducement of, and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '879 patent either literally or under the doctrine of equivalents, including but not limited to claim 1.

167.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

168.    Unless and until Natco is enjoined from infringing the '879 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

### Count X: Declaratory Judgment of Infringement of the '879 Patent under 35 U.S.C. §§ 271(a)-(c) by Natco's ZYDELIG ANDA Product

169.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

170.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

171.    There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

172.    Natco has submitted an ANDA for a generic version of Gilead's Zydelig® drug product.  According to Natco's ZYDELIG Notice Letter, Natco intends to manufacture, use, offer for sale, sell, and/or import Natco's ZYDELIG ANDA Product in or into the United States.

173.    While the FDA has not yet approved Natco's ZYDELIG ANDA, Natco has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Natco's ZYDELIG ANDA Product.

174.    Natco's actions indicate that it does not intend to change its course of conduct.

175.    On information and belief, upon FDA approval of Natco's ZYDELIG ANDA, Natco will infringe one or more claims of the '879 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or by importing said product into the United States, and/or by actively inducing and contributing to infringement of the '879 patent by others under 35 U.S.C. §§ 271(a), (b), and/or (c) unless enjoined by the Court.

176.    On information and belief, Natco's ZYDELIG ANDA Product will contain, whether initially or due to polymorphic phase transformation, an idelalisib composition as recited

in at least claim 1 of the '879 patent. Natco's making, using, offering to sell, and/or selling Natco's ZYDELIG ANDA Product in the United States, and/or importing said product into the United States will directly infringe one or more claims of the '879 patent under 35 U.S.C. § 271(a).

177. Natco has actual knowledge of the '879 patent.

178. On information and belief, Natco became aware of the '879 patent no later than the filing date of Natco's ZYDELIG ANDA.

179. On information and belief, Natco's efforts to make, use, sell, offer for sale, and/or import Natco's ZYDELIG ANDA Product have been made and will be made with full knowledge of the '879 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '879 patent. In particular, Natco intends, knows and/or has reason to believe and/or will intend, know and/or have reason to believe that Natco's ZYDELIG ANDA Product will contain or eventually contain some Form I and some Form II of idelalisib.

180. On information and belief, Natco's ZYDELIG ANDA Product, if FDA approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by Natco in the United States by Natco or on its behalf.

181. On information and belief, Natco's Proposed ZYDELIG Label will include directions and instructions that instruct physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL).

182. On information and belief, physicians and healthcare providers will administer Natco's ZYDELIG ANDA Product in the United States according to the directions and instructions in Natco's Proposed ZYDELIG Label, and such administration will constitute direct infringement of at least one claim of the '879 patent.

183.   On information and belief, at least through its Proposed ZYDELIG Label, Natco will encourage physicians and healthcare providers to administer Natco's ZYDELIG ANDA Product in order to treat relapsed chronic lymphocytic leukemia (CLL), and Natco will know or should know that such conduct will occur.

184.   On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '879 patent.

185.   Through at least the foregoing actions, Natco will actively induce the infringement of at least one claim of the '879 patent under 35 U.S.C. § 271(b).

186.   On information and belief, Natco knows or should know that Natco's ZYDELIG ANDA Product will be especially made or adapted for use in infringing the '879 patent and that Natco's ZYDELIG ANDA Product is not suitable for substantial non-infringing use.

187.   The commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ZYDELIG ANDA Product will contribute to the actual infringement of the '879 patent.

188.   On information and belief, Natco knows or should know that its offer for sale, sale, and/or importation of its ZYDELIG ANDA Product will contribute to the actual infringement of the '879 patent.

189.   Through at least the foregoing actions, Natco will contribute to the infringement of at least one claim of the '879 patent under 35 U.S.C. § 271(c).

190.   Gilead is entitled to a declaratory judgment that manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product by Natco prior to the expiration of the '879 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '879 patent.

191.    The commercial manufacture, importation, use, sale, or offer for sale of Natco's ZYDELIG ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

192.    Unless and until Natco is enjoined from infringing the '879 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A)    A judgment that Natco has infringed and is infringing the Patents-In-Suit under 35 U.S.C. § 271(e)(2)(A);

B)    A judgment and order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Natco's ZYDELIG ANDA shall be a date that is not earlier than the day after the latest expiration date of the Patents-In-Suit as extended by any applicable periods of exclusivity to which Plaintiffs are or will be entitled;

C)    A judgment declaring that Natco's commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ZYDELIG ANDA Product in or into the United States prior to the expiration of the Patents-In-Suit (including such actions by its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with Natco or acting on Natco's behalf) will constitute infringement of the Patents-In-Suit under 35 U.S.C. §§ 271 (a), (b), and/or (c) and providing any further necessary or proper relief based on the Court's declaratory judgment or decree;

D)    An order under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Natco, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, and/or selling

in the United States, and/or importing into the United States Natco's ZYDELIG ANDA Product until the day after the latest expiration date of the Patents-In-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or will be entitled, and from otherwise infringing one or more claims of the Patents-In-Suit;

E)    Damages or other monetary relief under 35 U.S.C. §§ 271(a), (b), (c) and (e)(4)(c), and/or 35 U.S.C. § 284, including costs, fees, pre- and post-judgment interest to Plaintiffs if Natco engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of Natco's ZYDELIG ANDA Product prior to the latest expiration date of the Patents-In-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or will be entitled;

F)    A declaration that this case is exceptional;

G)     An award of Plaintiffs' costs, expenses, reasonable attorneys' fees and such other relief as the Court deems proper and just pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

H)    Such further and other relief as this Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Charlotte C. Jacobsen
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Christine Ranney
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5720

Darish Huynh
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
(949) 451-3878

*Attorneys for Plaintiffs Gilead Sciences, Inc.
and Gilead Calistoga, LLC*

June 23, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*